THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>853.33 ACRES OF LAND, MORE OR LESS, SITUATE IN STARR COUNTY, STATE OF TEXAS; AND STEVEN JOSEPH KOBERNAT, ET AL.,<br><br>Defendants. | **DECLARATION OF TAKING**<br><br>CIVIL NO. 7:19-cv-99 |

DECLARATION OF TAKING

I, Loren Flossman, Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, under the authority delegated to me by the Act of Congress approved November 25, 2002, as Public Law 107-296, 116 Stat. 2311 and codified at 6 U.S.C. §§ 202, 251, and 557, which transferred certain authorities of the Attorney General to the Secretary of Homeland Security; and by DHS Delegation No. 7010.3(II)(B), which delegated land acquisition authority from the Secretary of Homeland Security to the Commissioner of U.S. Customs and Border Protection; and by CBP Delegation 18-200, which delegated land acquisition authority of $5 million dollars or less to the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol; do hereby declare that:

1. The authority for the acquisition of the estate in the property taken is set forth in Schedule A.
2. The public purpose for which the property is taken is set forth in Schedule B.
3. The legal description of the property taken is set forth in Schedule C.
4. A map or plat showing the land being taken is set forth in Schedule D.
5. The estate taken in the property is set forth in Schedule E.
6. The amount estimated to be just compensation for the taking, which sum I caused to be deposited in the Registry of the Court for the use and benefit of the persons entitled to it, is set forth in Schedule F. I am of the opinion that the ultimate award for the taking will be within the limit prescribed by law on the price to be paid for it.
7. The names and addresses of known parties who have or may claim an interest in the property are set forth in Schedule G.
8. The United States of America made best efforts to negotiate acquisition of the property interest sought prior to filing this condemnation action.

I, Loren Flossman, Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, state and declare that the property rights acquired are taken in the name of and for the use of the United States of America under the authority and for the public purpose stated herein.

IN WITNESS WHEREOF, the United States of America, by direction of the Secretary of the Department of Homeland Security and the Chief, U.S. Border Patrol, U.S. Customs and Border Protection, hereunto authorized, subscribes his name this 20 day of MAR, 2019 in the City of Washington, District of Columbia.

UNITED STATES OF AMERICA

BY: _____
Loren Flossman
Acquisition Program Manager
Wall Program Management Office
U.S. Border Patrol Program Management Office Directorate
U.S. Border Patrol
U.S. Customs and Border Protection
Department of Homeland Security

## SCHEDULE A

### AUTHORITY FOR THE TAKING

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II, 132 Stat. 348, which appropriated the funds that shall be used for the taking.

## SCHEDULE B

PUBLIC PURPOSE

The public purpose for which said property is taken is to conduct surveying, testing, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, gates, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

## SCHEDULE C

### LEGAL DESCRIPTION

Starr County, Texas

Tract: RGV-RGC-9046
Owner: Steven Joseph Kobernat, et al.
Acres: 853.33

The Southern 1/3 of a 2560 acre tract of land more specifically described in Special Warranty Deed with Vendor's Lien, Document # 86166, Volume 379, Page 617 recorded on September 18, 1974, in the Deed Records of Starr County:

The most Southerly One-Third, 853 1/3 acres, out of that certain tract of 2560 acres of land in and out of Porcion No. 97 of the ancient jurisdiction of Camargo, Mexico, originally granted by the Spanish Government, in America in the year 1767 to Bartoleme de Trevino, subsequently confirmed to him, by his heirs and legal assigns, by the legislature of the State of Texas, by an act, approved February 10, 1852, and thereafter pursuant to said Act, patented by the State of Texas, by Patent No. 205, Vol. 23, issued March 27, 1880 and recorded in Book F., pages 89-90 of the Deed Records of Starr County, Texas, said 2560 acres tract hereby conveyed being all the land conveyed within the following metes and bounds as per survey thereof made December 4, 1912 to April 28, 1913, with variation of 8 degrees 45 minutes East, and adopted in the deed of partition between Daniel Yturria and others, dated August 1, 1913, and recorded in Book 37, Pages 152-160 of the Deed Records of said County of Starr, partitioning among them the owners in common the whole of Porciones Nos. 97 and 98 in Starr County, Texas, and which 2560 acres is also fully described in the deed by G.A. Guerra, Sheriff of Starr County, Texas, to Annie Reilly, dated July 7, 1936, recorded in Volume 91, pages 518-22 of the Deed Records of Starr County, Texas, to which instruments and descriptions therein reference is here made for the purpose of describing the tract hereby conveyed; said 853 1/3 acre tract being described by metes and bounds as follows:

Beginning at a post set on the present bank of the Rio Grande River, the SE Corner of Yturria's Share No. 1;

Thence, with the East Line of said Share No. 1 and the west line of Share No.2 North 8 degrees 56 minutes East 8838.7 varas to a point in said line for the Northwest corner of the tract; said corner being South 8 degrees 56 minutes West, 17677.3 varas from the Northeast corner of said Yturria's Share No. 1; Thence parallel with the North line of said Porcion 97, South 81 degrees 17 minutes East 564.8 varas to a point in the West line of Yturria's Share No. 3 for the Northeast corner of this tract;

Thence South 8 degrees 56 minutes West 8906.7 varas with the West line of Yturria's Share No. 3 to a post on the present bank of the Rio Grande River;

Thence up the North bank of said river North 60 degrees 45 minutes West 150 varas, North 53 degrees 0 minutes West 487.7 varas to the place of beginning.

## SCHEDULE D



**LAND TO BE CONDEMNED**

Tract: RGV-RGC-9046
Owner: Steven Joseph Kobernat, et al.
Acreage: 853.33

\* The case caption identifies acreage for the entire parent tract as identified on the map above; access to the entire parent tract may be necessary to complete a survey of the proposed tract outlined in red on the map above.

## SCHEDULE E

ESTATE TAKEN

Starr County, Texas

Tract: RGV-RGC-9046
Owner: Steven Joseph Kobernat, et al.
Acres: 853.33

The estate taken is a temporary, assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C to survey, make borings, and conduct other investigatory work for the purposes described in Schedule B and to access adjacent lands; including the right to trim or remove any vegetative or structural obstacles that interfere with said work; reserving to the landowners, their successors and assigns all right, title, and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired; subject to minerals and rights appurtenant thereto, and to existing easements for public roads and highways, public utilities, railroads and pipelines.

## SCHEDULE F

### ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land being taken is ONE HUNDRED DOLLARS AND NO/100 ($100.00), to be deposited herewith in the Registry of the Court for the use and benefit of the persons entitled thereto; and, an additional sum determined at the conclusion of the temporary estate described in Schedule E to constitute actual damages, if any.

## SCHEDULE G

### INTERESTED PARTIES

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. *See* Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| **Steven Joseph Kobernat**  <br><br>**Corydon James Kobernat**  <br><br>**Gregory George Kobernat**  <br><br>**Ann-Marie Littlefield** | RGV-RGC-9046<br>December 28, 2012- Gift Deed without warranty - Document# 00309094 Volume 1369, Page 214; Deed records of Starr County |
| **Steven Joseph Kobernat, as Independent Executor in the Estate of Leonard J. Kobernat, Deceased** | April 18, 2011 – Order Appointing Successor Independent Executor - Volume 2060, Page 8260; Probate Records of Bexar County and Bexar County Probate Case #2010-PC-2343 |